FILED
United States Court of Appeals
Tenth Circuit

December 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRES ROBERTO ALGARATE-
VALENCIA,

Defendant - Appellant.

No. 08-2022

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. 2:07-CR-00935-JEC-1)**

---

Marc H. Robert, Assistant Federal Public Defender, Office of the Federal Public Defender, Las Cruces, New Mexico, appearing for Appellant.

Laura Fashing, Assistant United States Attorney (Gregory J. Fouratt, United States Attorney, with her on the brief), Office of the United States Attorney for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellee.

---

Before **TACHA**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

Defendant-Appellant Andres Roberto Algarate-Valencia pleaded guilty

without a plea agreement to illegal re-entry of a removed alien. *See* 8 U.S.C.

§ 1326(a). Previously, Mr. Algarate had pleaded guilty in Colorado to second-degree kidnaping and third-degree assault, leading to a six-month jail sentence and his deportation. When sentencing Mr. Algarate in this case, the district judge applied a sixteen-level enhancement for illegal re-entry by an alien who has committed a felony crime of violence, *see* U.S.S.G. § 2L1.2(b)(1)(A)(ii), which resulted in a total offense level of 21. The district court departed downward from criminal history category IV to III, *see* U.S.S.G. § 4A1.3, and sentenced Mr. Algarate to forty-six months in prison, the low end of the resulting Guidelines range.

On appeal, Mr. Algarate objects to the sentence on both procedural and substantive grounds. His procedural objections are: (1) the district judge did not give his attorney adequate time to speak at sentencing, and (2) the district judge did not adequately explain the sentence. Mr. Algarate also argues that his sentence is substantively unreasonable because the court should have varied downward in addition to departing downward. We conclude the district judge satisfied the procedural standards as established by our precedent. We also conclude that the sentence was substantively reasonable. Therefore, taking jurisdiction under 28 U.S.C. § 1291, we AFFIRM the sentence.

## I. BACKGROUND

The facts surrounding this conviction are undisputed. In April 2007, United States Border Patrol agents found Mr. Algarate hiding in some brush south

of Deming, New Mexico.  Mr. Algarate was arrested without incident and later pleaded guilty to illegal re-entry of a removed alien in violation of 8 U.S.C. § 1326(a).  A background check revealed Mr. Algarate's previous conviction in Greeley, Colorado for kidnaping and assault.  He pleaded guilty to those offenses in January 2007, having already served five months in jail.  He was sentenced to six months in jail with credit for time served, and then he was deported.  Mr. Algarate asserts that he accepted the plea in order to be released from jail in one month.

After Mr. Algarate's guilty plea in this case, the United States Probation Office calculated his base offense level as 8.  *See* U.S.S.G. § 2L1.2(a).  The presentence report ("PSR") applied a sixteen-level enhancement because his kidnaping conviction qualified as a "crime of violence."  *See id.* § 2L1.2(b)(1)(A)(ii); *see also id.* § 2L1.2 cmt. n.1(B)(iii) (listing kidnaping as a "crime of violence").  The PSR recommended a three-level downward adjustment for acceptance of responsibility, *see id.* § 3E1.1, arriving at a total offense level of 21.  The PSR then assigned eight criminal history points to Mr. Algarate, placing him in criminal history category IV.  Five of those points were for the kidnaping conviction.  Accordingly, the Probation Office determined that category III would more accurately reflect Mr. Algarate's criminal history and recommended a downward departure under U.S.S.G. § 4A1.3.  An offense level of 21 and a criminal history category III produces a sentencing range of forty-six to

fifty-seven months' imprisonment.

Both the government and Mr. Algarate objected to the PSR's conclusion. The government argued that Mr. Algarate should be placed in criminal history category IV, which would produce a Guidelines range of fifty-seven to seventy-one months. Mr. Algarate argued that the factors set forth in 18 U.S.C. § 3553(a) warranted a sentence lower than what the PSR recommended. Mr. Algarate asserted that the Guidelines range resulted from unfair double counting; that the sixteen-level enhancement was too great, given the nature of his previous crime; and that the court should consider his reason for returning to the United States—to witness the birth of his child.

In a detailed sentencing memorandum, Mr. Algarate laid out these arguments and requested the opportunity to present evidence about the crime that had led to the sixteen-level enhancement. He claimed that he was overcharged following a minor domestic dispute, and that he only pleaded guilty because he had already served five months of the six-month sentence that would result from his plea. Three times, the district judge continued the sentencing hearing to allow Mr. Algarate to produce evidence about the previous crime. However, Mr. Algarate and his counsel were unable to produce the victim or any other witness.

When Mr. Algarate failed for the third time to produce a witness, the judge went forward with sentencing. Mr. Algarate's counsel asked if he could be heard "a little bit" on the sentencing issues, and the judge replied, "Yeah, for about

thirty seconds." Counsel then quickly summarized his arguments regarding the sixteen-level enhancement and Mr. Algarate's reason for re-entering the United States. The judge asked Mr. Algarate if he had anything to say, and Mr. Algarate said "no." The judge then announced his sentence, saying the court had "reviewed the Presentence Report, factual findings and has considered the sentencing guideline applications and the factors set forth in 18 United States Code, 3553(a)(1)-(7)." The judge explained that he was departing downward pursuant to U.S.S.G. § 4A1.3(b)(1) because Mr. Algarate's criminal history score "significantly overrepresented" his criminal conduct. The judge explained how he arrived at a Guidelines range of forty-six to fifty-seven months, and then sentenced Mr. Algarate to forty-six months in prison.[1]

---

[1]The following is the district judge's full explanation of the sentence:

"Court has reviewed the Presentence Report, factual findings and has considered the sentencing guideline applications and the factors set forth in 18 United States Code, 3553(a)(1)-(7). The offense level is 21. The criminal history category is IV. The guideline imprisonment range is 57 to 71 months. Pursuant to Section 4A1.3 the Court finds a departure is warranted, as the defendant's criminal conduct is significantly overrepresented by his criminal history score. The Court finds the defendant has three misdemeanor convictions and one felony conviction. Five of the criminal history points stem from a single incident. Based on these findings, the defendant's criminal history category would be more adequately represented and be similar to those individuals having a criminal history category of III.

Accordingly, an offense level of 21, with a criminal history category of III, establishes a guideline imprisonment range of 46 to 57 months. Court notes the defendant illegally reentered the United States

(continued...)

After the judge had finished announcing the sentence, counsel for the government asked for a specific finding that the judge had reviewed the pleadings and Mr. Algarate's arguments and had determined that a downward variance was not warranted. The judge replied, "I'm not going to do that. I mean, you heard my sentence. It seemed to me to be pretty clear."

On appeal, Mr. Algarate challenges the forty-six month sentence on both procedural and substantive grounds. His procedural arguments fall into two categories. First, he argues that the judge did not give his counsel adequate time to represent him at sentencing. Second, he argues that the judge did not adequately explain the sentence.[2] In challenging the sentence's substantive

_____

[1](...continued)
after being convicted of an aggravated felony.

> As to the Information, Criminal 07-935, the defendant Andres Roberto Algarate-Valencia, is committed to the custody of the Bureau of Prisons for a term of 46 months and is placed on supervised release for a term of two years. Said term shall be unsupervised, with the standard conditions of supervised release, the mandatory conditions of supervised release and the following special condition. The defendant must not reenter the United States without legal authorization. I recommend the Immigration and Customs Enforcement begin removal proceedings during service of sentence."

[2]Mr. Algarate's brief puts forth four arguments, but three of them can be grouped together as an argument that the judge did not adequately explain the sentence. Specifically, Mr. Algarate claims that there is no indication that the judge considered factors other than the sentencing Guidelines; that there is no indication that the judge considered Mr. Algarate's specific arguments for a downward variance; and that the court "wholly failed to provide an adequate explanation for the sentence chosen."

-6-

reasonableness, Mr. Algarate argues the district court should have varied downward because the sixteen-level enhancement for a previous crime of violence was too harsh, given his conduct. He also argues the sentence is too severe for "what is essentially a trespassing offense." Finally, Mr. Algarate claims the district court should have varied to avoid "double-counting" the kidnaping conviction in determining both his criminal history category and his offense level.

## II. DISCUSSION

We review sentences for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Appellate courts review sentencing decisions first for procedural reasonableness, and then for substantive reasonableness. *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597 (2007).

A.    Procedural Reasonableness

Mr. Algarate first argues that his sentence is procedurally unreasonable because the district judge did not give his attorney adequate time to speak at the sentencing hearing. The judge told Mr. Algarate's attorney he had thirty seconds, during which time counsel summarized the arguments he had made in his sentencing memorandum.

At sentencing, the judge should give both parties the chance "to argue for whatever sentence they deem appropriate." *Gall*, 128 S. Ct. at 596. Mr. Algarate's counsel did not object to the limited time he had been given, so we review the judge's time restriction for plain error. *See United States v. McComb*,

519 F.3d 1049, 1054 (10th Cir. 2007) ("Because [the defendant] made no contemporaneous objection to the reasonableness of the district court's sentencing procedures . . . we may review his appeal on this score only for the presence of plain error."). Plain error exists when "there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* An error only affects substantial rights when it is prejudicial, meaning that there is "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005) (quotations omitted).

In this case, Mr. Algarate presented a detailed sentencing memorandum, and his counsel was given thirty seconds to speak at sentencing. The district judge asked Mr. Algarate whether he would like to speak, and Mr. Algarate declined. Neither Mr. Algarate nor his counsel stated that they had additional arguments to make. Moreover, at oral argument Mr. Algarate's counsel did not identify a new argument that he would have made if given more time; he simply wanted the time to give a more complete explanation of the arguments he had already made in the sentencing memorandum. We therefore conclude that the limited time given to Mr. Algarate's attorney did not affect Mr. Algarate's

substantial rights. Accordingly, the district court did not commit plain error.[3]

Mr. Algarate also claims that the district court erred by failing to explain adequately the reasons for its sentence. Although Mr. Algarate did not object on this point during the sentencing hearing, the record supports his assertion that an objection would have been futile. The government requested a specific finding that the judge had considered and rejected Mr. Algarate's arguments for a variance. The judge refused, saying, "I'm not going to do that. I mean, you heard my sentence. It seemed to me to be pretty clear." That statement clearly demonstrates that any objection demanding a more complete explanation of the sentence would have been futile. We therefore will not apply the plain-error standard on appeal. *See Abuan v. Level 3 Commc'ns, Inc.*, 353 F.3d 1158, 1172 (10th Cir. 2003) (explaining the "futility" exception to Rule 51 of the Federal Rules of Civil Procedure, which requires an objection to preserve an issue for appeal).[4]

---

[3]We consider it to be a close question whether it was error for the district court to limit Mr. Algarate's counsel to thirty seconds at the sentencing hearing. We need not address this first prong of the plain error test, however, because the plain error issue is settled by application of the third prong, as outlined above.

[4]The "futility" exception applies when "the district court is aware of the party's position and it is plain that further objection would be futile, where [the] litigant's position [was] clearly made to the district court." *Abuan v. Level 3 Commc'ns*, 353 F.3d 1158, 1172 (10th Cir. 2003) (quotations omitted). This rule was applied in the context of waiver in a civil case, *id.*, but we believe that the rule has application in any context where it is absolutely clear an objection would have been futile.

Even applying a non-heightened standard, however, we conclude that Mr. Algarate is not entitled to resentencing on this basis. While the district court's explanation in this case was less than ideal, the explanation met the minimum standard set by our precedent.

Mr. Algarate relies on *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006), for the proposition that the district court must address a defendant's substantial arguments for a lower sentence. In *Sanchez-Juarez*, we stated that when a defendant raises a "nonfrivolous argument" for a below-Guidelines sentence based on the § 3553(a) factors, the district court must "not rest on the guidelines alone, but . . . [must] consider[] whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." *Id.* at 1117 (quotations omitted).[5]

Since then, however, we have explained that *Sanchez-Juarez* does not require a sentencing judge to address explicitly all of a defendant's arguments. *United States v. Jarrillo-Luna*, 478 F.3d 1226, 1229–30 (10th Cir. 2007). Specifically, we have clarified that the district judge only "*must somehow*

_____

[5]As we have noted in this case, the district court departed downward under U.S.S.G. § 4A1.3 based on its determination that Mr. Algarate's criminal history category overrepresented his criminal conduct. We have not yet directly addressed "whether a sentence based on a departure that is itself recognized under the Guidelines is considered a within-Guidelines sentence." *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007) (emphasis omitted). Because, however, Mr. Algarate's argument is premised on the assumption that the district court imposed a Guidelines sentence, and should have varied downward based on § 3553(a), we will also assume this for purposes of this appeal.

*indicate* that he or she did not rest on the guidelines alone." *Jarrillo-Luna*, 478

F.3d at 1230 (emphasis added) (quotations omitted). We have also noted that

"[s]ection 3553(c) requires the court to provide only a general statement of the

reasons for its imposition of the particular sentence." *United States v. Ruiz-*

*Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (quotations omitted).

In a case in which the district court did not address the defendant's request

for a departure, we held that the court's "citation of the PSR's calculation method

and recitation of the suggested imprisonment range amply fulfilled § 3553(c)'s

requirement of a general statement noting the appropriate guideline range and

how it was calculated." *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1217

(10th Cir. 2007) (quotations omitted). In this case, the sentencing judge

explained the PSR's calculation method and the suggested imprisonment range, so

the judge met the standard set by *Cereceres-Zavala*.

The Supreme Court has stated that "when a judge decides simply to apply

the Guidelines to a particular case, doing so will not necessarily require lengthy

explanation." *Rita v. United States*, — U.S. —, 127 S. Ct. 2456, 2468 (2007).

Following *Rita*, we held that a brief explanation of a sentence may be adequate

"when the context and the record clearly show that the court listened to and

considered the evidence and arguments." *United States v. Hamilton*, 510 F.3d

1209, 1218 (10th Cir. 2007).

In a recent case in which the defendant challenged the district court's

-11-

explanation of his sentence, we distinguished *Sanchez-Juarez* by noting that in *Sanchez-Juarez*, the district judge did not explain the sentence and "did not mention the § 3553(a) factors at all." *United States v. Martinez-Barragan*, 545 F.3d 894, 903 (10th Cir. 2008).

This case can be distinguished from *Sanchez-Juarez* on the same basis. The district judge did offer reasons for the sentence, and he mentioned the § 3553(a) factors. The judge explained the offense level and criminal history calculations, and then explained that he was departing downward because he felt criminal history category IV over-represented Mr. Algarate's past conduct. The judge also stated that he had reviewed the § 3553(a) factors.

In particular, the fact that the judge departed downward is important. Under *Hamilton*, a short explanation of the sentence may be adequate where the context makes it clear that the judge has considered the defendant's arguments. *See Hamilton*, 510 F.3d at 1218. In this case, the judge did not impose the sentence that the government sought. Rather, the judge agreed with the PSR and with Mr. Algarate that a criminal history level of III was more appropriate, creating a Guidelines range of forty-six to fifty-seven months. That decision demonstrates that the judge did consider Mr. Algarate's arguments. For these reasons, the sentence was procedurally reasonable.

B.    Substantive Reasonableness

Mr. Algarate puts forth three arguments as to why the length of his

sentence is substantively unreasonable.[6]  First, he argues that the sixteen-level enhancement for a "crime of violence" misrepresents his previous conduct.  He claims that the incident that led to his conviction for kidnaping resulted from a minor domestic dispute.  The district court gave Mr. Algarate ample opportunity to make this point, but he failed to produce a witness to support his claim.  Certainly, the fact that the dispute was domestic does not by itself take the crime out of the category of a "crime of violence."  The PSR indicates that Mr. Algarate threatened his ex-girlfriend, forced her and their five-year-old son into a vehicle, pushed her, and struck her three times in the face.  He drove them to a park, continued his verbal abuse, and hit her again.  Without a contrary explanation from Mr. Algarate, the district court clearly did not abuse its discretion in declining to vary downward on this point.

Mr. Algarate also argues that a forty-six month sentence is too great for what is "essentially a trespassing offense."  We disagree.  Congress has made it clear, through the Sentencing Guidelines, that it considers the illegal re-entry of an alien who has committed a violent crime to be far more serious than a standard trespassing offense.  *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).

---

[6]We apply an appellate presumption of substantive reasonableness to a within-Guidelines sentence.  *See Kristl*, 437 F.3d at 1055.  As we noted earlier, the sentence in this case is the result of a downward departure, and it is unclear whether this presumption applies to departures.  *See Wilken*, 498 F.3d at 1172.  Because we conclude that Mr. Algarate's sentence is substantively reasonable even without the benefit of the presumption, we need not address that question today.  *See id.*

Finally, we reject Mr. Algarate's argument that his sentence is substantively unreasonable because using his kidnaping conviction to support both the enhancement and his criminal history category constitutes unfair double-counting. First, the district court effectively reduced the impact of this conviction by departing downward and assigning him to criminal history category III rather than IV. More important, this court has expressly authorized the "the use of prior convictions to calculate both the criminal history category and a sentence enhancement where . . . the Guidelines authorize it." *Ruiz-Terrazas*, 477 F.3d at 1204. For these reasons, Mr. Algarate's forty-six month sentence is substantively reasonable.

### III. CONCLUSION

The district court did not commit plain error when it gave Mr. Algarate's counsel only thirty seconds to speak at his sentencing hearing, and its explanation of Mr. Algarate's sentence was adequate. The district court, therefore, committed no procedural error. The forty-six month sentence, which reflected a downward departure and fell at the bottom of the resulting Guidelines range, also was substantively reasonable. We therefore AFFIRM the sentence.