FILED
United States Court of Appeals
Tenth Circuit

February 10, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEREMIE JOE PHILLIPS,

Defendant-Appellant.

No. 08-1356
(D.C. No. 02-CR-105-WYD-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Jeremie Joe Phillips appeals the district court's order revoking his supervised release and committing him to the custody of the Bureau of Prisons for a term of eleven months. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for the appeal, and seeking leave to withdraw. After careful review and for the

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasons we describe below, we grant the attorney's motion to withdraw and dismiss this appeal.

* * *

In 2003, Mr. Phillips pled guilty to distributing fifty grams or more of methamphetamine and to aiding and abetting such distribution. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. The district court sentenced him to eighty-one months' imprisonment followed by a five-year term of supervised release. After Mr. Phillips was released from prison in January 2007, the district court modified the terms of his supervised release to require him to abstain from the use of alcohol and other intoxicants and to participate in a program of testing and treatment for alcohol abuse.

In September 2008, the district court found that Mr. Phillips had committed eleven separate violations of the terms of his release. Through counsel, Mr. Phillips admitted to these violations, which included repeated use of alcohol, failure to comply with his treatment obligations, and the possession of a controlled substance. The law requires the district court to revoke supervised release and impose imprisonment when a defendant violates the terms of his release by possessing a controlled substance. 18 U.S.C. § 3583(g). At the sentencing hearing, the district court noted that Mr. Phillips's record was "one of the most disgusting records I've seen of noncompliance with supervised release." R., vol. II, at 5. The district court also explained that it believed Mr. Phillips

"really [does not] have the desire to comply with the Court's orders." *Id.* The district court therefore revoked Mr. Phillips's supervised release and sentenced him to eleven months' imprisonment—the upper end of the range suggested by the United States Sentencing Guidelines—to be followed by an additional term of supervised release lasting forty-eight months. Mr. Phillips appeals.

Mr. Phillips's lawyer, the Federal Public Defender, filed a brief pursuant to the rule in *Anders*. *Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id.* We must then "conduct a full examination of the record to determine whether the defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

According to the *Anders* brief before us, the defendant might object that the district court should have permitted him to enter alcohol treatment instead of prison, after crediting him with time served, and that the court's failure to do this renders its sentence unreasonable. The *Anders* brief asserts that this argument is frivolous, however, and we agree. A proper sentence must be both procedurally

- 3 -

and substantively reasonable.  *United States v. Algarate-Valencia*, 550 F.3d 1238, 1242 (10th Cir. 2008).  Procedural reasonableness requires that the district court properly calculate the advisory guidelines range, and then consider what sentence to impose in light of both the guidelines' recommendation and the factors enumerated in 18 U.S.C. § 3553(a).  *Id.* at 1242-44.  The district court need not explicitly describe each factor or address each argument presented to it, so long as it "somehow indicate[s] that [it] did not rest on the guidelines alone."  *Id.* at 1244.  Here there is no allegation that the guidelines range was incorrectly calculated or that the district court failed to consider the statutory factors; indeed, the district court explicitly noted its consideration of § 3553(a)'s requirements at the sentencing hearing.  R., vol. II, at 10.

Neither could there be any colorable argument that this within-guidelines sentence is substantively unreasonable.  The district court concluded that Mr. Phillips's unusually high number of violations within such a short time—in the first eighteen months of his release—warranted a sentence at the upper end of the guidelines.  This was certainly not an abuse of the district court's considerable discretion.  *See United States v. Todd*, 515 F.3d 1128, 1134-35 (10th Cir. 2008).[1]

---

[1]  We have also reviewed the forty-eight-month term of supervised release imposed by the district court following Mr. Phillips's incarceration.  This term was within a properly-calculated guidelines range, *see* U.S.S.G. §7B1.3(g)(2), and adequately explained by the district court.  It was therefore procedurally reasonable.  Neither can we discern any basis in the record for questioning the substantive reasonableness of the length of the term the district court imposed.

For his part, Mr. Phillips submitted a letter raising an additional claim that his lawyer was constitutionally ineffective. Except in extraordinary circumstances, claims of ineffective assistance of counsel should be brought on collateral review rather than direct appeal. *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("[Ineffective assistance] claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). We have no indication on the record before us that this case presents a reason to depart from the general rule.

After review of the record, we agree with Mr. Phillips's lawyer that there is no colorable basis for appealing the district court's sentence. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge