**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALBERTO RAMIREZ-RENTERIA,

    Defendant-Appellant.

No. 08-2206

(D.C. No. 2:08-CR-00897-JAP-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the appellant's request for a decision on the briefs without

oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Defendant Alberto Ramirez-Renteria pled guilty to one count of unlawful

reentry of a deported alien previously convicted of an aggravated felony, in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

violation of 8 U.S.C. § 1326(a) and (b), and was sentenced to a term of imprisonment of twenty-one months. On appeal, defendant's counsel have filed a motion to withdraw as counsel and a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Neither defendant nor the government have filed responses to the Anders brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

On March 20, 2008, United States Border Patrol agents stopped two vehicles traveling at a high rate of speed near Wall Lake, New Mexico. The agents determined that defendant, a passenger in one of the vehicles, was a resident of Mexico and had been previously deported in November 2007 following an aggravated felony conviction for possession with intent to distribute marijuana. Defendant was placed under arrest and charged by complaint in federal district court with one count of unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b).

On April 30, 2008, defendant, acting pursuant to a written plea agreement with the government, pled guilty to the charge alleged in the complaint. On June 12, 2008, the probation officer disclosed to the parties and the district court the presentence investigation report (PSR). Neither side filed any objections to the PSR. On July 24, 2008, the district court, after adopting the calculations set forth in the PSR and affording defendant a two-level reduction in his offense level

pursuant to the terms of the plea agreement, sentenced defendant to a term of imprisonment of twenty-one months, a sentence at the bottom of the guideline range.

Defendant has since filed a timely notice of appeal.

II

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client may then choose to submit arguments to the court in response. The court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." Id. If so, the court may dismiss the appeal.

Here, defendant's counsel have identified four potential bases for appeal: (1) whether defendant's guilty plea was voluntary; (2) whether trial counsel was constitutionally ineffective for failing to request that defendant be sentenced under the government's newly adopted "fast track" guidelines; (3) whether the sentence imposed by the district court was procedurally and substantively reasonable; and (4) whether the district court erred in sentencing defendant to a term of imprisonment, rather than simply ordering him to be deported. Counsel have candidly admitted, however, that in their view each of these potential bases

3

for appeal is frivolous.

Having carefully examined the record on appeal, we agree with counsel's assessment of the four identified issues. To begin with, our reading of the plea hearing transcript confirms that defendant's guilty plea was voluntarily, knowingly, and intelligently entered. Although defendant is a native of Mexico, the transcripts from both the plea and sentencing hearings indicate that he was fluent in English and had no trouble understanding the district court or counsel. With respect to trial counsel's performance, the record on appeal indicates that the sentence actually imposed by the district court was equivalent to the sentence defendant would have received had he officially participated in the government's "fast track" program. Thus, we conclude it would be impossible for defendant to demonstrate that he was prejudiced by trial counsel's performance. See generally Strickland v. Washington, 466 U.S. 668, 687 (1984) (outlining the requirements for establishing ineffective assistance of counsel). As for defendant's sentence, our review of the PSR and the sentencing hearing transcript confirms the sentence was both procedurally and substantively reasonable. See United States v. Algarate-Valencia, 550 F.3d 1238, 1242 (10th Cir. 2008) ("Appellate courts review sentencing decisions first for procedural reasonableness, and then for substantive reasonableness."). In particular, we conclude it was substantively reasonable for the district court to impose a twenty-one month term of imprisonment, rather than ordering defendant to be immediately deported.

4

Accordingly, we conclude defendant has failed to provide any nonfrivolous basis for reversing his conviction or remanding the case for resentencing.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge