FILED

United States Court of Appeals
Tenth Circuit

**June 4, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

RUSSELL EUGENE BLESSMAN,

 Defendant-Appellant.

No. 08-4182

(D.C. No. 2:07-CR-00776-TC-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Russell Eugene Blessman pleaded guilty to three counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Blessman was sentenced to 276 months' imprisonment to be followed by supervised release for life. On appeal, defendant's counsel have filed a motion to withdraw as counsel and a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Neither defendant nor the government have filed responses to the Anders brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsels' motion to withdraw and dismiss the appeal.

## I

On October 10, 2007, Blessman was arrested by United States Marshals at a motel in Heber City, Utah, pursuant to a warrant for violating the terms of his Iowa state court-supervised release and having fled the state of Iowa. The Marshals discovered multiple computers and computer accessories, on which images of child pornography had been saved. In addition to various state charges, defendant was charged with three counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

On June 11, 2008, defendant pleaded guilty to the three counts of possession of child pornography, acting pursuant to a Rule 11(c)(1)(C)[1] written agreement with the government that he be sentenced to 276 months of imprisonment and a term of supervised release of life. The agreement also stipulated that the sentence was to run concurrently with any sentence imposed by

---

[1] Rule 11 provides that the government and the defendant may "agree that a specific sentence . . . is the appropriate disposition of the case . . . ." Fed. R. Crim. P. 11(c)(1)(C).

the state or federal courts in Iowa. Prior to sentencing, the probation officer disclosed the presentence investigation report (PSR), which calculated a sentencing guideline range of 151 to 188 months of imprisonment and acknowledged the Rule 11 plea agreement. Neither side objected to the PSR.[2] On September 17, 2008, the district court sentenced defendant to a term of imprisonment of 276 months, ordered to run concurrently with any Iowa sentence, and supervised release for life. Defendant has since filed a timely notice of appeal.

## II

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client may then choose to submit arguments to the court in response. The court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." Id. If so, the court may dismiss the appeal.

Here, defendant's counsel have identified two potential bases for appeal: (1) whether defendant's guilty plea was voluntary; and (2) whether the sentence

_____

[2] At the sentencing hearing, the parties corrected a paragraph of the PSR that mislabeled prior conduct as a conviction when, in fact, there was no charge or conviction associated with that conduct.

3

imposed by the district court was procedurally and substantively reasonable. Counsel have candidly admitted, however, that in their view there is no reasonable ground for either of these potential bases for appeal.

Having carefully examined the record on appeal, we agree with counsels' assessment of the two identified issues and find them to be wholly frivolous. To begin with, our reading of the plea hearing transcript confirms that defendant's guilty plea was voluntarily, knowingly, and intelligently entered. Although defendant initially expressed some reluctance about entering his guilty plea, his plea was voluntary. See ROA, Vol. II, at 14:1-8 (Change of Plea Tr. of June 11, 2008) (where defendant responded "Yes, Ma'am" to the court's question: "I should say ordinarily when a person pleads guilty, she or he does it not because of a desire to be punished, but because she or he recognized it's a . . . better deal, it's more advantageous. It seems to me what I'm hearing is that your decision, after you've talked with your Iowa counsel and with Mr. Hamilton, is that all things considered, it's better for you to plead guilty here. Is that a fair assessment?"). Further, the court gave defendant numerous opportunities to abandon his plea and proceed to trial, and it thoroughly explained defendant's rights and made certain that defendant fully understood those rights, waived them, understood the nature of the charges against him, and also the potential range of penalties. Defendant's guilty plea was voluntarily, knowingly, and intelligently entered.

As for defendant's sentence, our review of the plea agreement, PSR, and the sentencing hearing transcript confirms the sentence was both procedurally and substantively reasonable.  See United States v. Algarate-Valencia, 550 F.3d 1238, 1242 (10th Cir. 2008) ("Appellate courts review sentencing decisions first for procedural reasonableness, and then for substantive reasonableness.").  Even though the sentence was above the calculated guideline range, it was reasonable in light of defendant's Rule 11 agreement in which defendant agreed to a substantial upward variance.  His willingness to enter into such an agreement was based in part upon his obvious desire to have his federal sentence run concurrently with any term of imprisonment from his pending state charges in Iowa, and to serve his term of imprisonment in a federal, rather than state, prison. Accordingly, we conclude defendant has failed to provide any nonfrivolous basis for reversing his conviction or remanding the case for resentencing.

Counsels' motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge