**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORIO RIVERA-RIVERA,

    Defendant - Appellant.

No. 11-2249
(D.C. No. 2:09-CR-02844 JEC-1)
(D. N. Mex.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

Gregorio Rivera-Rivera challenges his eight-month sentence for violation of

supervised release to be served consecutively to his 15-month sentence for illegal reentry

as procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C.

---

    *After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

On May 25, 2011, a border patrol agent encountered Mr. Rivera-Rivera in Hatch, New Mexico. After learning that Mr. Rivera-Rivera was not a United States citizen and had been previously deported, the agent arrested him. Mr. Rivera-Rivera was later charged with one count of reentry of a removed alien under 8 U.S.C. § 1326(a) and (b).

Mr. Rivera-Rivera had three prior convictions for illegal reentry. He was previously convicted on September 10, 2008, March 19, 2009, and July 11, 2009, and served a sentence of 28 days, 111 days, and 8 months, respectively. He was deported after each conviction.

At the time of his arrest, Mr. Rivera-Rivera was serving a three-year term of supervised release imposed after his July 11, 2009 conviction. As a special condition of his supervised release, Mr. Rivera-Rivera was prohibited from reentering the United States without legal authorization. The Government submitted a petition for revocation of Mr. Rivera-Rivera's supervised release on June 14, 2011.

Mr. Rivera-Rivera pled guilty to one count of reentry of a removed alien in violation of 8 U.S.C. §1326(a) and (b). As a condition of the plea agreement, Mr. Rivera-Rivera waived his right to appeal his conviction and any within-guideline sentence imposed by the district court.

The Government prepared a Presentence Investigation Report recommending an offense level of nine and a criminal history category of IV, resulting in a guidelines range

of 12 to 18 months. Mr. Rivera-Rivera filed a motion requesting a downward departure and a variance. He requested a term of 12 months and one day on his illegal reentry charge and a concurrent sentence for violation of supervised release. In response, the Government requested that the court impose a mid-range sentence and that such a sentence should run consecutively to his sentence for violation of supervised release.

On December 14, 2011, the district court held a combined hearing for sentencing on the illegal reentry conviction and revocation of supervised release. Mr. Rivera-Rivera's counsel reiterated his request that the court sentence Mr. Rivera-Rivera to a sentence of 12 months and one day to run concurrently with his sentence for violation of supervised release. The district court imposed a mid-range sentence of 15 months for the illegal reentry conviction.

The district court then proceeded to address Mr. Rivera-Rivera's violation of the special condition of his supervised release. Mr. Rivera-Rivera admitted the violation. The district court stated that it "[r]eviewed the violation report and the factors set forth in 18 [U.S.C. §] 3553(a)(1) through (7)" and would "proceed to sentencing." ROA, Vol. 3, at 5-6. It then determined that under section 7.B1.1 of the Guidelines, Mr. Rivera-Rivera committed a Grade B violation and that his criminal history category was III, leading to a sentencing range of 8 to 14 months. After explaining that it considered the Guidelines advisory, the district court sentenced Mr. Rivera-Rivera to eight months in prison to be served consecutively to his 15-month sentence for illegal reentry. Mr. Rivera-Rivera made no objection to the sentence at the hearing.

Mr. Rivera-Rivera filed a timely notice of appeal.

## II.     DISCUSSION

Mr. Rivera-Rivera challenges his eight-month sentence for violation of supervised release, to be served consecutively to his 15-month sentence for illegal reentry, as procedurally and substantively unreasonable.

### A. *Procedural Reasonableness*

Mr. Rivera-Rivera argues that his sentence is procedurally unreasonable because the district court did not fully consider the factors from 18 U.S.C. § 3553(a) and did not explain its reasoning in arriving at the eight-month consecutive sentence.

"When a party challenges a sentence for procedural reasonableness, our standard of review is ordinarily abuse of discretion, under which we review de novo the district court's legal conclusions regarding the guidelines and review its factual findings for clear error." *United States v. Gantt*, 2012 WL 1942085, —F.3d—, *4 (10th Cir. 2012). "If, however, [the] [d]efendant did not preserve the procedural challenge below, we review only for plain error." *Id.*

The parties disagree as to whether Mr. Rivera-Rivera preserved this argument at the district court, and thus whether we should review for an abuse of discretion or for plain error. Mr. Rivera-Rivera argues that he preserved this argument by submitting a motion for downward departure or variance and by making oral arguments at the district court. We disagree.

We considered a similar situation in *United States v. Gantt*, —F.3d.—, 2012 WL

1942085 (10th Cir. 2012). In *Gantt*, the district court imposed a sentence with an upward departure from the Guidelines. Although the defendant submitted a motion to the district court arguing against a departure, he argued on appeal, "not that the court rejected his arguments but that the court did not adequately *explain* why it acted as it did." *Id.* at *5. We explained that "[t]o preserve that complaint for appeal, [the] [d]efendant needed to alert the court that its explanation was inadequate, which ordinarily would require an objection after the court had rendered sentence. The court could then cure any error by offering the necessary explanation." *Id.* We thus reviewed the defendant's claims of procedural unreasonableness for plain error. *Id.*

As in *Gantt*, Mr. Rivera-Rivera is challenging only the district court's failure to consider the 18 U.S.C. § 3553(a) factors and to explain the sentence it imposed. To preserve this argument, he must have made an objection *after* the district court imposed the sentence, which he did not do.[1] We thus review Mr. Rivera-Rivera's claim of procedural unreasonableness for plain error.

To establish plain error, Mr. Rivera-Rivera must show that the district court (1)

---

[1] Mr. Rivera-Rivera asks us to rely on *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006). But *Sanchez-Juarez* did not involve the question of whether the defendant preserved his challenge to procedural reasonableness at the district court.

In *Sanchez-Juarez*, we faulted the district court for not mentioning the § 3553(a) factors at all. *Id.* at 1115-16. Here, the district court stated that it had considered the § 3553(a) factors, explained the grade of violation and criminal history category, and the corresponding guidelines range, and ensured that he understood the guidelines were only advisory. Thus, the facts of this case are different than those in *Sanchez-Juarez*. *See United States v. Algarate-Valencia*, 550 F.3d 1238, 1243-44 (10th Cir. 2008).

erred, (2) the error was plain, and (3) the error affected his substantial rights. *United States v. Ventura-Perez*, 666 F.3d 670, 674 (10th Cir. 2012). "If all these conditions are met, a court reviewing the error may exercise discretion to correct it if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotations omitted).

Apart from the first two plain error factors, Mr. Rivera-Rivera has not satisfied the third factor because he has not shown that he was prejudiced by the district court's failure to consider the § 3553(a) factors or explain his sentence. Generally, "to have the requisite [effect] on substantial rights, an error must be 'prejudicial' which means that there must be a reasonable probability that the error affected the outcome of the trial." *United States v. Bader*, —F.3d—, 2012 WL 1548579, at *5 (10th Cir. 2012) (quotations omitted). Because Mr. Rivera-Rivera is essentially challenging the length of his sentence, he "must demonstrate that, but for the claimed error, his sentence would have been different." *United States v. Begaye*, 635 F.3d 456, 471 (10th Cir. 2011) (quotations omitted).

We agree with the Government that Mr. Rivera-Rivera has not shown (or attempted to argue) that, if the judge had explained his consideration of the 18 U.S.C. § 3553(a) sentencing factors, there is a reasonable probability that the judge would have chosen a shorter or concurrent sentence. Thus, Mr. Rivera-Rivera has failed to show his substantial rights were affected. He has not demonstrated plain error, and his procedural reasonableness claim fails.

**B.** *Substantive Reasonableness*

Mr. Rivera-Rivera argues that his eight-month sentence for violation of supervised release, along with his 15-month sentence for illegal reentry, equals a term of 23 months in prison and is substantively unreasonable. He contends that his sentence does not effectuate the goals of 18 U.S.C. § 3553(a)(2).

Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (quotations omitted). We "review[] a sentence for substantive reasonableness under the abuse-of-discretion standard and give[] substantial deference to district courts." *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quotations omitted); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] district court's sentence is substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Sayad*, 589 F.3d at 1116. (quotations omitted). "A sentence within the correctly calculated Guidelines range is presumed to be reasonable, [and] the burden is on the appellant to rebut the presumption." *Verdin-Garcia*, 516 F.3d at 898 (citation omitted); *see also United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011) (explaining that the presumption of reasonableness also applies in reviewing revocation-of-supervised-release sentences).

In determining the reasonableness of a sentence for violation of supervised release, we are guided by the § 3553(a) factors, which include: "the nature of the offense and

characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008) (quotations omitted); *see also* 18 U.S.C. § 3584(b) ("[I]n determining whether the terms imposed are to be ordered to run concurrently or consecutively, [the court] shall consider . . . the factors set forth in section 3553(a)."). We must also consider the policy statements in Chapter 7 of the Guidelines. *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006).

Based on Mr. Rivera-Rivera's Grade B violation of his supervised release and his criminal history category of III, which he does not challenge, the guideline range was 8-14 months. And, under section 7B1.3(f) of the Guidelines,

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served *consecutively* to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release.

(Emphasis added); s*ee also* U.S.S.G. Ch. 7, pt. B, introductory cmt. ("It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation."). Thus, Mr. Rivera-Rivera's eight-month consecutive sentence is within the Guidelines range, and we presume that it is reasonable.

Nevertheless, Mr. Rivera-Rivera argues that his sentence would not further § 3553(a)'s goals because his most recent illegal reentry and his previous crimes—all

-8-

illegal reentries—are nonviolent crimes and did not involve drugs or firearms. He also

argues that, because he is an agricultural worker and entered the United States to work on

the chili harvest, he is furthering the economic interests of New Mexico and the United

States. Finally, he argues that he is a family man and that his family depends on his

income.[2]

Mr. Rivera-Rivera's arguments do not overcome the presumption that the

consecutive sentence is substantively reasonable.

The "reentry of an ex-felon is a serious offense." *Martinez-Barragan*, 545 F.3d at

905. Its seriousness does not depend on whether it involved drugs, firearms, or violence.

Because this is Mr. Rivera-Rivera's fourth conviction for illegal reentry, his prior shorter

sentences have clearly not provided adequate deterrence. *See United States v. Mumma*,

509 F.3d 1239, 1245-46 (10th Cir. 2007) (justifying sentence by explaining that the

defendant had not been deterred by her past criminal convictions).

As to providing for his family, a district court may exercise its discretion and grant

a downward variance based on the defendant's family circumstances, but it should only

---

[2]We note that Mr. Rivera-Rivera is essentially challenging his combined sentence for violation of supervised release and his most recent illegal reentry. *See* Aplt. Br. at 13 ("[A] 23 month term of incarceration fails to meet the goals of sentencing under § 3553(a)(2), and constitutes a sentence which is substantively unreasonable."). By challenging the combined sentence, Mr. Rivera-Rivera may in part be challenging his sentence for illegal reentry, which in turn may violate the waiver of appeal provision in his plea agreement. The Government has not moved to enforce the waiver of appeal in the plea agreement or made any argument about the waiver, and we reject Mr. Rivera-Rivera's substantive unreasonableness argument on the merits.

do so in extraordinary circumstances. *See* U.S.S.G. § 5H1.6. And while we have affirmed cases where the district court has chosen to do so, we cannot say that the district court abused its discretion in imposing a consecutive sentence in this case. *See Martinez Barragan*, 545 F.3d at 905 (rejecting argument that sentence was substantively unreasonable because defendant returned to the United States to provide for his children).

Finally, the fact that Mr. Rivera-Rivera entered the United States to work in New Mexico's chili harvesting industry does not affect the reasonableness of the sentence.

Mr. Rivera-Rivera has failed to overcome the presumption of reasonableness of his within-Guidelines sentence. Thus, his claim that his sentence is substantively unreasonable also fails.

### III.    CONCLUSION

For the foregoing reasons, we affirm.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge