**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERT ALLEN RODRIGUEZ, JR.,

      Defendant - Appellant.

No. 12-8003
(D.C. No. 1:11-CR-00075-NDF- 1)
D. Wyoming

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**I.    Introduction**

Appellant Robert Allen Rodriguez, Jr. pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 841(a)(1) and (b)(1)(C). The district court sentenced him to eighty-four months' imprisonment, the bottom of the advisory guidelines range. Rodriguez appeals the sentence imposed by the district court, arguing it is substantively unreasonable because the district court failed to properly consider the factors set out in 18 U.S.C. § 3553(a). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Rodriguez's sentence.

## II.    Background

Rodriguez's conviction arose from a 2011 traffic stop in Laramie County, Wyoming. Two sheriff's deputies found methamphetamine during a search of his vehicle. He was charged in a single-count indictment with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. He pleaded guilty to the charge and entered into a written plea agreement with the Government.

The district court accepted Rodriguez's plea and the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated Rodriguez's base offense level at thirty-two, concluding total relevant conduct included 1474 kilograms of marijuana equivalency. The PSR recommended a three-level reduction in the base offense level for acceptance of responsibility, resulting in a total offense level of twenty-nine. *See* U.S.S.G. § 3E1.1. Rodriguez's countable criminal history points totaled seven, which correspond to a criminal history category of IV. The prior convictions used to

calculate his criminal history score included a residential burglary, a battery, and a larceny but did not include twelve other adult criminal convictions. The recommended offense level combined with the criminal history category resulted in an advisory guidelines range of 121 to 151 months' imprisonment.

Rodriguez objected to the calculation of his offense level, arguing the PSR's relevant conduct recommendation was erroneous. He also requested both a departure and a variance from the advisory guidelines range. Relying on U.S.S.G. § 4A1.3, Rodriguez argued a category IV criminal history over-represented the seriousness of his criminal past. He also argued a downward variance from the advisory guidelines range was justified based on his personality disorder diagnosis and the low scores he received on intellectual functioning tests.

At the sentencing hearing, the district court found Rodriguez's relevant conduct placed him at a base offense level of twenty-eight, not thirty-two as recommended in the PSR. The court deducted three levels for acceptance of responsibility and applied a category IV criminal history to arrive at an advisory guidelines range of 84-105 months' imprisonment. The court also considered Rodriguez's arguments in support of his request for either a downward departure or a downward variance. The court concluded a below-guidelines sentence was not justified on the basis of Rodriguez's diagnosis of personality disorder, specifically commenting that "[m]any, if not most, individuals involved in a life of crime have either a diagnosis or traits of antisocial personality disorder." The

court also rejected Rodriguez's argument that his low level of intellectual functioning justified a downward variance, noting the evaluator's subjective view that during testing, Rodriguez did not exert "the type of sustained effort that the evaluator expected from a defendant undergoing intellectual functioning capacity testing." The district court sentenced Rodriguez to eighty-four months' incarceration, the bottom of the advisory guidelines range.

## III. Discussion

This court reviews a defendant's challenge to the substantive reasonableness of his sentence under a deferential abuse of discretion standard. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). In his opening brief, Rodriguez disavows any appellate challenge to the procedural reasonableness of his sentence. He does, however, challenge the substantive reasonableness of the sentence. "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). Sentences falling within a properly calculated guidelines range are entitled to a rebuttable presumption of substantive reasonableness. *United States v. Parker*, 553 F.3d 1309, 1322 (10th Cir. 2009). Because Rodriguez does not challenge the calculation of the advisory guidelines range employed by the district court, he bears the burden of demonstrating his

sentence is outside the range of sentences the record can "fairly support." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Repeating the arguments he presented to the district court, Rodriguez asserts his low intellectual functioning and antisocial personality disorder entitle him to a downward variance from the advisory guidelines range. He argues the district court failed to consider these two personal characteristics. The district court, however, considered Rodriguez's arguments and fully explained its reasoning for rejecting them. Our review of the record reveals no reversible error in the district court's analysis. As the Government points out, Rodriguez has never explained *why* these two personality traits entitle him to a variant sentence.

Rodriguez also argues he was entitled to a downward variance because his criminal history category overstates the seriousness of his criminal history and his family history includes parental alcoholism and physical abuse. After reviewing the record and considering these arguments, we conclude Rodriguez has failed to rebut the presumption his sentence is reasonable. The district court concluded Rodriguez's criminal history was not over-represented and any mitigating factors were not outweighed by the high likelihood of recidivism. *See United States v. Algarate-Valencia*, 550 F.3d 1238, 1244 (10th Cir. 2008). In sum, the district court considered Rodriguez's arguments, weighed the § 3553(a) factors, explained its reasoning, and imposed a sentence at the bottom of a correctly calculated advisory guidelines range.

## IV.     Conclusion

Because Rodriguez has not shown the sentence imposed by the district court is outside the range of sentences the record can fairly support, *McComb*, 519 F.3d at 1053, that sentence is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge