FILED
United States Court of Appeals
Tenth Circuit

June 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSE MANUEL LOPEZ-MENDOZA,

     Defendant-Appellant.

No. 08-2116

(D.C. No. 2:07-CR-02055-LH-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

---

Defendant Jose Manuel Lopez-Mendoza pleaded guilty to Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Defendant was sentenced to 36 months' imprisonment followed by two years of supervised release. On appeal, Defendant's counsel has filed a brief and a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Neither Defendant nor the Government have filed responses to the Anders brief. Exercising jurisdiction

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

under 28 U.S.C. § 1291, we dismiss the appeal and grant counsel's motion to withdraw.

## I.

In 1990, Defendant was convicted for distribution of heroin and sentenced to 51 months' imprisonment. At the expiration of this sentence, immigration authorities deported Defendant to Mexico. Approximately one month after his deportation, Defendant illegally returned to the United States. In July 2007, the United States Border Patrol "found" Defendant at a Border Patrol checkpoint outside Alamogordo, New Mexico.

Defendant pleaded guilty to Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Based upon his prior deportation for an aggravated felony (heroin trafficking) and reduction for acceptance of responsibility, Defendant received an adjusted offense level of 21. Defendant was placed in a criminal history category of III for multiple prior convictions, including the aforementioned heroin trafficking, driving while intoxicated, and simple cocaine possession. Based on Defendant's adjusted offense level and criminal history category, the presentence investigation report (PSR) calculated a sentencing guideline range of 46-57 months. Neither the Government nor Defendant objected to the PSR. At sentencing, the district court granted Defendant's request for a sentence below the Guidelines range and sentenced Defendant to 36 months' imprisonment and two years of supervised release.

## II.

Under Anders, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir.2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." Id. The client may then choose to submit arguments to the court in response. The court must then fully examine the record "to determine whether defendant's claims are wholly frivolous." Id. If so, the court may dismiss the appeal.

Here, Defendant's counsel has identified only one potential basis for appeal: whether the sentence imposed was unreasonable. We examine sentencing decisions for both procedural and substantive reasonableness. See United States v. Algarate-Valencia, 550 F.3d 1238, 1242 (10th Cir.2008). Counsel for Defendant admits, however, that no meritorious basis exists for concluding that Defendant's sentence is either procedurally or substantively unreasonable. After independently reviewing the record, we agree that Defendant's appeal is wholly frivolous.

## A.

Because Defendant made no procedural objections to his sentence, we review for plain error only. United States v. Romero, 491 F.3d 1173, 1178 (10th Cir. 2007). Under this standard, Defendant must demonstrate that the district court committed (1) error, (2) that is plain, (3) which affects Defendant's substantial rights, and

(4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. See id. Our review of the record confirms that the PSR correctly calculated Defendant's Guidelines Range at 46-57 months. At sentencing, the district court determined that, based upon the 18 U.S.C. § 3553 factors, this sentencing range was too harsh. The district court, therefore, varied *downward* and sentenced Defendant to only 36 months' imprisonment. Thus, even if there was procedural error (which we do not find), Defendant's substantial rights were not affected because he received a sentence 10 months *below* what would have been procedurally reasonable.

## B.

Similarly, we hold the district court properly exercised its discretion and imposed a substantively reasonable sentence. We presume that sentences within the Guidelines range are substantively reasonable. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir.2006). Here, the district court went a step further for Defendant and actually varied *downward* from the applicable Guidelines range. Thus, giving due deference to the district court's decision to vary downward ten months, we conclude that Defendant's sentence was substantively reasonable in light of the factors identified in 18 U.S.C. § 3553(a). See United States v. Muñoz-Nava, 524 F.3d 1137, 1149 (10th Cir. 2008) (noting that we must give deference to district courts in determining the extent of a variance).

## III.

For the foregoing reasons, we conclude that Defendant's appeal is frivolous under Anders. Accordingly, we DISMISS Defendant's appeal and GRANT his counsel's motion to withdraw from this case. See Anders, 386 U.S. at 744 (holding that, if a defendant's appeal is "wholly frivolous," an appellate court "may grant counsel's request to withdraw and dismiss the appeal").

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge