**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KAPPELLE SIMPSON-EL,

Defendant-Appellant.

No. 09-3050

(D. Kansas)

(D.C. No. 6:07-CR-10161-MLB-1)

**ORDER & JUDGMENT**[*]

Before **HENRY**, Chief Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.[**]

A jury convicted Kappelle Simpson-El on several charges related to his participation in a scheme to steal new vehicles, replace their vehicle identification numbers (VINS), and sell them. Mr. Simpson now appeals his 72-month sentence and also complains of ineffective assistance of counsel.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Simpson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asking to withdraw because, after examining the record and the law, he determined that "the appeal presents no legally non-frivolous questions." Aplt's Br. at 5. In response to the motion, Mr. Simpson sent a letter to the court that we have construed as a motion for appointment of new counsel. We agree with Mr. Simpson's attorney that his appeal presents no non-frivolous issues. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we grant counsel's motion to withdraw, deny Mr. Simpson's request for the appointment of counsel, and dismiss the appeal.

## I. BACKGROUND

In August of 2007, Mr. Simpson was charged in an indictment that alleged he and four others stole cars, mainly Cadillacs, from car lots in Oklahoma and Missouri, then took the cars to Wichita, Kansas, where they attempted to replace the VINS in order to sell the vehicles on the internet and by other means. A jury convicted Mr. Simpson on one count of possession of a vehicle with an altered VIN, seven counts of removal of a VIN from a vehicle, five counts of disposing of a stolen vehicle, eight counts of transportation of a stolen vehicle, one count of transportation of stolen goods, and three counts of wire fraud.

At sentencing, the district court determined Mr. Simpson's applicable

guideline range to be 100-125 months. The district court varied downward from that range, sentencing him to 60 months' imprisonment on the VIN removal charges and 72 months on all other counts, to run concurrently.

Mr. Simpson's attorney notes that in the appeal Mr. Simpson wishes to continue to pursue his objections to the presentence report, which the district court overruled. In particular, Mr. Simpson objected to three enhancements to his base offense level for: (1) having a supervisory role to one of the co-conspirators; (2) engaging in an organized scheme to sell stolen vehicles; and (3) being a person in the business of receiving and selling stolen property. Mr. Simpson also objected to the addition of two criminal history points for committing a portion of the instant offense while still under a criminal justice sentence. Counsel indicates two other arguments Mr. Simpson could raise on appeal: that Mr. Simpson should have received credit for acceptance of responsibility and for cooperation with the government and that Mr. Simpson's below-guideline sentence was substantively unreasonable in light of the factors set forth in 18 U.S.C. §3553(a).

Mr. Simpson, in response to his counsel's *Anders* brief, sent a letter to this court. He advised us that his attorney has not satisfactorily communicated with him and that he wants to argue that "the information used to calculate [his] criminal history score and offense level w[as]

inaccurate." Ltr. from Mr. Simpson, at 1 (Jul. 28, 2009). Specifically, he challenges the district court's determination that he was on probation. Additionally, Mr. Simpson suggested that he wishes to argue ineffective assistance of counsel.

## II. DISCUSSION

In *Anders*, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, [he] should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant may then "raise any points that he chooses." *Id.* The United States does not object to counsel's withdrawal and has elected not to file a response.

We must fully examine all the proceedings to determine whether Mr. Simpson's appeal is frivolous. *Id.* If we find that the appeal is frivolous, we "may grant counsel's request to withdraw and dismiss the appeal." *Id.* "On the other hand, if [we] find[] any of the legal points arguable on their merits (and therefore not frivolous) [we] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." *Id.*

**A. Mr. Simpson's sentence was procedurally and substantively reasonable.**

"We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.), *cert. denied*, 129 S. Ct. 428 (2008); *see United States v. Algarate-Valencia*, 550 F.3d 1238, 1242 (10th Cir. 2008) ("Appellate courts review sentencing decisions first for procedural reasonableness, and then for substantive reasonableness."). Our review of the PSR and the sentencing hearing transcript confirms the sentence was procedurally reasonable. There is no indication that the district court incorrectly calculated the Guidelines sentence or that it considered the Guidelines to be mandatory. *See id.* Further, the court clearly applied the factors in 18 U.S.C. § 3553(a), did not rely on clearly erroneous facts, and adequately explained the sentence. *See Haley*, 529 F.3d at 1311. The court addressed each of Mr. Simpson's objections, and found facts that supported its application of adjustments to Mr. Simpson's base offense level.

The sentence is also substantively reasonable "given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *See id.* The record establishes that the district court considered the relevant sentencing factors outlined at 18 U.S.C. § 3553(a) and ultimately varied downward.

**B. Mr. Simpson may argue his counsel was ineffective in post-conviction procedures.**

Mr. Simpson additionally suggests he wishes to argue his counsel was ineffective and that he deserves new counsel. To the extent Mr. Simpson takes issue with counsel's effectiveness, such claims are ordinarily brought on collateral review, not on direct appeal. *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006); *see Massaro v. United States*, 538 U.S. 500, 503-04 (2003). This is "to ensure that we are provided with a developed factual record of the events." *Brooks*, 438 F.3d at 1242. Consequently, we dismiss Mr. Simpson's claims of ineffective assistance of counsel without prejudice to his ability to raise this issue on collateral review. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (holding such claims "presumptively dismissible").

### III. CONCLUSION

Having fully examined the record in this case, we agree with Mr. Simpson's counsel that the appeal presents no legally non-frivolous questions. We therefore DENY Mr. Simpson's request for appointment of new appellate counsel. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 n.6 (10th Cir. 2005) (observing that counsel's "mere filing of [an *Anders*] brief does not provide a defendant with the right to the appointment

of a new attorney").  We also GRANT counsel's motion to withdraw, and

DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Chief Judge