**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KAPPELLE SIMPSON-EL,

    Defendant - Appellant.

No. 11-3059
(D. Kan.)
(D.C. Nos. 6:10-CV-01111-MLB and
6:07-CR-10161-MLB-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Kappelle Simpson-El, a federal prisoner proceeding pro se,[1] wants to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. His petition was based upon alleged ineffectiveness of trial counsel, including that counsel misadvised him to abandon a plea agreement. The district court concluded he did not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Because that decision is not even debatably incorrect we deny his request for a Certificate of Appealability (COA).

---

[1] We liberally construe Simpson-El's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

# I.    BACKGROUND

Simpson-El was charged in an indictment alleging he and four others stole cars -- mainly Cadillacs -- from car lots in Kansas, Oklahoma and Missouri, transported the cars to Wichita, Kansas, and replaced the VINS in order to sell them on the internet and by other means.  On January 14, 2008, pursuant to a plea agreement with the government, he pled guilty to four counts of disposing of a stolen vehicle, one count of possession of a vehicle with an altered VIN number, six counts of removing VIN numbers from cars, seven counts of transportation of stolen vehicles and five counts of wire fraud.  Prior to sentencing, however, Simpson-El received the presentence report (PSR) and requested to withdraw his plea.  He did not include the withdrawn plea agreement or the first PSR in the record.  At his hearing to withdraw, he explained the information provided by his co-defendants to the government was inaccurate and he felt he needed to go to trial to establish his actual role in events.  The court granted his request.

As a result Simpson-El was found guilty of one count of possession of a vehicle with an altered VIN number, seven counts of removing or tampering with a vehicle's VIN number, five counts of disposing of a stolen car, eight counts of transporting a stolen vehicle, one count of transporting stolen equipment and three counts of wire fraud.  After considering his objections to the post-trial PSR, the district court determined the Guideline range was 100 to 125 months in prison.  It concluded, however, that a downward variance was warranted and sentenced Simpson-el to 72 months in prison.  Simpson-El appealed and we affirmed his conviction and sentence.  *See United States v. Simpson-El*, 345 F. App'x 350 (10th Cir. 2009).

Simpson-El's § 2255 motion argues his counsel was constitutionally ineffective by advising him to go to trial (thereby abandoning the plea agreement) and failing to raise appropriate objections at sentencing. The district court denied his § 2255 motion because he had failed to show his counsel's conduct was deficient and even if counsel's performance was deficient, he had failed to show prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense). The court refused to consider a number of Simpson-El's claims because he raised them for the first time in a reply brief. It determined defense counsel had, in fact, raised the sentencing objections Simpson-El claimed were omitted in three of the four claims in his § 2255 motion and he had not appealed the court's overruling of those objections. The court concluded Simpson-El's fourth claim, the failure to object to the loss and restitution calculations, was without merit.

Simpson-El filed a motion for reconsideration, arguing the court had not addressed all of his arguments

> In Movant's original section 2255 motion, Movant raised eight claims of ineffective assistance of counsel: (1) failure to investigate and properly file an objection pursuant to United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d); (2) failure to raise mitigating addiction factor;[2] (3) failure to properly object to U.S.S.G. § 3B1.1(c) enhancement; (4) failure to

---

[2] The addiction Simpson-El claims is not an addiction to drugs. Rather, he argues his conduct did not constitute an organized scheme to steal cars because it was driven by his addiction to "highend Cadillac vehicles." (R. Vol. 1 at 201.) The district court correctly rejected this alleged mitigating factor at sentencing.

investigate prior misdemeanor; (5) failure to investigate and raise specific arguments to U.S.S.G. § 2B1.1(b)(1)(H); (6) failure to properly monitor base level; (7) failure to request downward departure; and (8) erroneous advice as to proceed to trial.

(R. Vol. 1 at 220-21.)  The court denied the motion, stating: "Even if the court was inclined to buy one or even all of defendant's ineffective assistance claims, regardless of how defendant counts them (and the court finds that defendant has failed on each one of them) the outcome would not be different because defendant would not have received a lesser sentence." (*Id*. at 225-26.)  Simpson-El filed an application for a COA and an opening brief with this Court on March 21, 2011.

## II.    DISCUSSION

A COA is a jurisdictional prerequisite to our re-view of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Miller-El*, 537 U.S. at 338.

We have carefully reviewed the record, the district court's order and Simpson-El's application for a COA and proposed opening brief.  We find no ineffective assistance of

- 4 -

counsel at sentencing. Simpson-El's alternative objections to the PSR are as futile as those rejected by the district court. Counsel is not ineffective in failing to raise spurious issues. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining trial counsel's failure to raise a meritless issue is not ineffective assistance). Simpson-El also claims his counsel was ineffective because he advised him to reject the plea agreement and withdraw his plea despite the fact he could only place himself in a worse position by going to trial. *See Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009) (Sixth Amendment applies to representation during the plea process). One problem with this argument is Simpson-El did not place the rejected plea agreement or the resulting PSR calculations in the record. We do not know whether the recommended sentence was above or below the 72-month sentence he finally received. Thus, he has failed to show prejudice due to his decision to proceed to trial, regardless of what motivated his decision. In fact, he argues that, had he stood by the negotiated agreement, the "variance" applied by the district court at sentencing "would not . . . have been needed." (Application for COA at 8.) Simpson-El's claim of prejudice is pure speculation absent proof that the negotiated plea would have resulted in an upper guideline range of less than 72 months. That proof is not only absent, but unlikely. As no jurist of reason could debate the correctness of the district court's decision, we DENY Simpson-El's request for a COA and DISMISS this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 5 -