FILED
United States Court of Appeals
Tenth Circuit

May 7, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SOTERO GUERRERO-CARREON,

Defendant - Appellant.

No. 13-6273

(D.C. No. 5:13-CR-00180-C-1)
(W. D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Sotero Guerrero-Carreon pleaded guilty to unlawfully reentering the United States, in violation of 8 U.S.C. § 1326(a). The district court determined that the applicable

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines range was 30-37 months' imprisonment, and sentenced him to 30 months in prison. Guerrero-Carreon appeals the substantive reasonableness of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

**I**

Guerrero-Carreon is an illegal alien with a long criminal history in the United States. His actions leading to convictions are these: felony assault with a knife in 1985; drunk driving in 1990; drunk driving in 1991; felony marijuana trafficking in 1994; leaving the scene of an accident in 1997; drunk driving in 1998; felony possession of cocaine in 2001; drunk driving, transporting an open container, driving without a license, and failure to maintain insurance in 2002; drunk driving and resisting law enforcement in 2004; public drunkenness in 2006; public drunkenness in 2010; driving without a license in 2011; failure to appear in court in 2011; and drunk driving in 2013. Interspersed among these convictions were more arrests and two deportations.

On July 27, 2013, Guerrero-Carreon was arrested, again—this time, for leaving the scene of an accident and drunk driving. It was his second drunk driving arrest in six months. And just as he had done during an arrest twelve months earlier, he threatened to murder his arresting officers. A couple days later, Immigration and Customs Enforcement determined that Guerrero-Carreon was in the country illegally.

As a result, a grand jury returned a one-count indictment charging Guerrero-Carreon with unlawfully reentering the United States, in violation of 8 U.S.C. § 1326(a). Guerrero-Carreon pleaded guilty.

The Presentence Investigation Report (PSR) recommended a base-offense level of 8. Because Guerrero-Carreon had been deported after his conviction for felony assault, for which he received no criminal-history points, the PSR recommended a 12-level upward adjustment. See U.S.S.G. § 2L1.2(b)(1)(A). After a 3-level reduction for acceptance of responsibility, the adjusted offense level was 17. Given his criminal history category of III, Guerrero-Carreon's Guidelines range was 30-37 months' imprisonment.

At sentencing, the district court sentenced Guerrero-Carreon to 30 months' imprisonment. The court observed that Guerrero-Carreon has made a career of "thumbing [his] nose at the legal requirements of this country." R. Vol. 3 at 9. The court also noted that despite Guerrero-Carreon's numerous convictions, he had never served longer than six months in prison. As the court put it, "I believe it's absolutely time that you understand that when you continue to break the law a prison sentence of some substance will result." Id. at 10. Still, the court thought that "the bottom of the guideline range is sufficient," and hoped that "30 months will be sufficient to reform him." Id.

## II

Guerrero-Carreon raises one issue on appeal. He contends that his 30-month sentence is substantively unreasonable.

"[S]entences are reviewed under an abuse of discretion standard for . . . substantive reasonableness." United States v. Gordon, 710 F.3d 1124, 1160 (10th Cir. 2013) (alteration in original) (internal quotation marks omitted). "A district court abuses its

3

discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted).

"When crafting a sentence, the district court must be guided by the 'parsimony principle'—that the sentence be sufficient, but not greater than necessary, to comply with the purposes of criminal punishment, as expressed in § 3553(a)(2)." United States v. Martinez-Barragan, 545 F.3d 894, 904 (10th Cir. 2008) (internal quotation marks omitted). That said, "to win a substantive reasonableness appeal is no easy thing." United States v. Fraser, 647 F.3d 1242, 1247 (10th Cir. 2011) (internal quotation marks omitted). "In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range." Martinez-Barragan, 545 F.3d at 904 (alteration omitted) (internal quotation marks omitted). Furthermore, "we presume a sentence within the correctly-calculated Guidelines range is reasonable." Id. at 905. Guerrero-Carreon "can rebut the presumptive reasonableness of his sentence by demonstrating its unreasonableness in light of the § 3553(a) factors." Id.

Guerrero-Carreon argues that the district court should have granted a downward variance because (1) the enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii) is unjustifiable as a matter of policy, and (2) proper application of the 18 U.S.C. § 3553(a) factors leads to the conclusion that 30 months' imprisonment is unreasonable.

His first argument boils down to a disagreement with Congress over the seriousness of illegal reentry by convicted felons. For its part, "Congress has made it

4

clear . . . that it considers the illegal re-entry of an alien who has committed a violent crime to be far more serious than a standard trespassing offense." United States v. Algarate-Valencia, 550 F.3d 1238, 1245 (10th Cir. 2008). That is why 8 U.S.C. § 1326(b)(1) and (2) imposes a statutory maximum sentence of ten to twenty years, depending on whether the prior conviction was for an aggravated felony. Guerrero-Carreon's argument is properly directed at Congress, not at the federal courts. And in any event, "a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range based on disagreements with the policies underlying a particular Guideline provision." United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) (internal quotation marks omitted).

As regards his second argument, Guerrero-Carreon asserts that "the district court placed too much weight on the sentencing factors addressing deterrence and protection of the public." Aplt. Br. at 6. We discern no abuse of discretion. As we have said, the crime of illegal reentry by an alien who has committed a violent felony is a serious one. Guerrero-Carreon has consistently flouted the laws of this country, accumulating a criminal record that includes a violent felony, drug trafficking, and numerous drunk driving incidents. Neither short terms of imprisonment nor deportations have succeeded in diverting Guerrero-Carreon from his steady pattern of criminal behavior. Thus, we conclude that the district court's decision to impose a within-Guidelines sentence is amply supported and reasonable.

### III

Guerrero-Carreon has not overcome the presumption that his within-Guidelines sentence is substantively reasonable.  Therefore, we AFFIRM the sentence imposed by the district court.

Entered for the Court

Mary Beck Briscoe
Chief Judge