**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARK ALBERT BARBER,

    Defendant - Appellant.

No. 19-6152
(D.C. No. 5:19-CR-00125-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

On May 20, 2019, Defendant pleaded guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250. Thereafter, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). Based on a total offense level of 13 and a criminal history category of I, the PSR calculated an advisory guideline range of 12 to 18 months to be served in prison or split between prison and community confinement. While Defendant argued for a below-guideline sentence, the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

district court rejected Defendant's request for leniency and sentenced Defendant at the low-end of the guideline range to 12 months' imprisonment. Defendant appeals, arguing his sentence is substantively unreasonable. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012). The district court abuses its discretion if it imposes a sentence that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* A sentence within the properly calculated guidelines is entitled to a rebuttable presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). A defendant may rebut this presumption by demonstrating that the sentence is unreasonable when viewed against the factors described in § 3553(a). *Id.* Although Defendant acknowledges his 12-month sentence falls within the properly calculated guideline range, Defendant nonetheless contends the district court erred by imposing a sentence that is greater than necessary to comply with the purposes of sentencing.

In support, Defendant first argues failure to register as a sex offender is a regulatory crime with "no victim, no injury, no loss, and no malicious intention." Appellant Br. at 9. This argument "boils down to a disagreement with Congress" over the seriousness of failure to register. *United States v. Guerrero-Carreon*, 566 F. App'x 643, 645 (10th Cir. 2014) (unpublished). A sentence is not rendered unreasonable, however, merely because a district court refuses "'to deviate from the advisory guideline range' based on disagreements with the policies underlying a particular

2

Guideline provision." *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007) (quoting *United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006)). Therefore, Defendant's first argument in support of a downward variance is without merit.

Next, Defendant argues he has already been "duly punished" for his underlying sex offense and has since "demonstrated his fundamentally good character and intentions." Appellant Br. at 9–10. Defendant therefore argues a downward variance was warranted based on his personal history and characteristics. Defendant does not show the district court abused its discretion in declining to vary downward, however, and it is evident the district court considered Defendant's personal history and characteristics in fashioning the appropriate sentence. Specifically, the district court stated a guideline sentence was appropriate "because of the egregious nature of the underlying conduct" but declined to impose a high-end guideline sentence due to the "passage of time" since the underlying sex offense. ROA Vol. 3 at 15

The district court was well within its discretion to consider the egregiousness of Defendant's underlying sex offense. Because Defendant's underlying sex offense occurred in the United Kingdom, it was not reflected in Defendant's criminal history score. The Sentencing Guidelines authorize an upward departure in this very situation, *see* U.S.S.G. § 4A1.3, cmt. (n.2), because, had Defendant committed his underlying sex offense in the United States, his guideline range would have been 18 to 24 months' imprisonment. ROA Vol. 2 at 19. While the district court declined to depart upward as permitted by the Guidelines, the district court did not abuse its discretion in

3

considering Defendant's underlying sex offense when crafting an appropriate sentence. *See United States v. Pinson*, 542 F.3d 822, 836 (10th Cir. 2008) (permitting consideration of prior offenses in determining an appropriate sentence). Moreover, the district court acknowledged the passage of time since the underlying offense and afforded Defendant some benefit by sentencing at the low-end of the guideline range. Ultimately, the district court was within its discretion in considering and weighing Defendant's personal history and characteristics.

Finally, Defendant argues the district court "failed to articulate how any of the sentencing goals justified, much less required, additional incarceration." Appellant Br. at 12. When the district court imposes a guideline sentence of less than 24 months, the court's duty to explain the sentence is not an onerous one. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007); 18 U.S.C. § 3553(c). Rather, the district court need only give a "general statement noting the appropriate guideline range and how it was calculated." *Ruiz-Terrazas*, 477 F.3d at 1202 (quoting *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006)). In this case, the district court "considered the sentencing guidelines" and "the sentencing factors set forth in 18 U.S. Code, 3553" before concluding a guideline sentence at the low-end of the guideline range was appropriate. ROA Vol. 3 at 15–16. This explanation is sufficient to meet the requirements of 18 U.S.C. § 3553(c).

Therefore, we hold the district court did not abuse its discretion in sentencing Defendant at the low-end of the guideline range, and for the reasons provided herein,

4

Defendant's sentence is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge