FILED
United States Court of Appeals
Tenth Circuit

November 27, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAZARO MARTINEZ-ROMERO,

    Defendant - Appellant.

No. 17-2220
(D.C. No. 2:17-CR-01562-KG-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **KELLY**, and **MORITZ**, Circuit Judges.

_____

This appeal arises from the sentence Defendant-Appellant Lazaro Martinez-Romero received for his conviction for violation of supervised release. Specifically, Martinez-Romero argues that the district court procedurally erred by not explaining its decision to impose a partially consecutive sentence. Martinez-Romero did not raise this argument below, so we review for plain error. Because, even assuming the district court erred, Martinez-Romero does not establish that the error affected his substantial rights, we AFFIRM Martinez-Romero's sentence.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In July 2015, Martinez-Romero pled guilty to one count of illegal reentry and was sentenced to eight months' imprisonment and three years of supervised release. App., Vol. II, at 6.  He was removed from the United States on May 26, 2016, after serving his prison sentence, at which time his period of supervision began.  Id.  His supervision was set to expire on May 25, 2019.  Id.

On January 25, 2017, while still on supervised release for his 2015 conviction, Martinez-Romero was found in New Mexico.  Id. at 3.  He admitted that he was a Mexican citizen without legal authorization to be or remain in the United States.  Id.  He was charged in a criminal information with illegal reentry, and a petition for a violation of his supervised release was filed.  App., Vol. I, at 8.

On March 1, 2017, Martinez-Romero pled guilty to the one-count criminal information charging him with Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(1).  App., Vol. II, at 3.  For this charge, Martinez-Romero and the government entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[1]  Id.  On June 19, 2017, Martinez-Romero admitted that he violated the terms of his supervised release by committing the offense of illegal reentry.  App., Vol. IV, at 34.  Nothing in the record indicates that there was a plea agreement related to this admission.

---

[1] In a plea pursuant to Rule 11(c)(1)(C), the parties may agree to a recommended sentencing range that binds a district court if the court accepts the plea.

On December 20, 2017, the district court held a combined sentencing hearing for Martinez-Romero's illegal reentry and supervised release violation convictions. See id. at 1–18. Martinez-Romero's counsel requested a 37-month term of imprisonment for the illegal reentry conviction and an 8-month term of imprisonment for the supervised release violation conviction, and asked that the supervised release violation sentence run concurrently with the illegal reentry sentence. Id. at 5–6. The government requested the same terms of imprisonment, but requested that 4 months of the supervised release violation run *consecutively* to the illegal reentry sentence, stating "that's what we would do for any other defendant[] . . . in this situation." Id. at 9. Martinez-Romero, in allocution, asked the district court to sentence him to "time served [because t]hat would be a very good gift that [the court] could give [Martinez-Romero] and [his] family."[2] Id. at 10. Neither Martinez-Romero nor the government filed a sentencing memorandum.

Before imposing the sentence, the district court noted that it had before it the petition seeking revocation of Martinez-Romero's supervised release, the Presentence Investigation Report (PSR), and two letters Martinez-Romero wrote to the court. Id. at 3–4. The district court noted that it had "read all the letters that were provided to [it]." Id. at 10. The district court stated that it had "reviewed the [PSR], . . . adopted

_____

[2] The district court clarified that, despite Martinez-Romero's request, under the terms of the plea agreement, it could not impose a sentence below 37 months' imprisonment. Id. at 10–11. Martinez-Romero stated that he understood that aspect of the plea agreement, and that it was "fine." Id. at 12.

all the factual findings, [and] . . . considered the Sentencing Guidelines." Id. at 13.

It also made the following findings:

> The base offense level being 8 and the upward adjustments of four and eight levels under [U.S.S.G. §§] 2L1.2(b)(1)(A) and 2L1.2(b)(2)(B), the adjusted offense level being 20, but Mr. Martinez pled guilty and he shall be afforded the three-level reduction, and so the total offense level being 15. Even so, the [Federal Rule of Criminal Procedure] 11(c)(1)(C) Plea Agreement results in a range of 15. Let me just correct that. The total offense level had been 17, but under the Plea Agreement the offense level becomes 15.

Id.

The district court then imposed a sentence of 37 months' imprisonment for the

illegal reentry conviction, stating

> [t]hat's the lowest I can go under the Plea Agreement that you have with the United States. I'm going to find that you have been in custody for 330 days. You will receive full credit for the amount of time you have been in custody so far.

Id. at 13.

The district court made the following statements regarding the sentence it

imposed for Martinez-Romero's supervised release violation conviction:

> As to that violation to which Mr. Martinez has admitted, and noting that the revocation imprisonment range is eight to 14 months, the Court imposes a sentence of eight months. That's the lowest of the applicable range. I'm going to run—order that four months run consecutive and four months run concurrent to the sentence I have imposed in [Martinez-Romero's illegal reentry conviction].

Id. at 15.

Neither Martinez-Romero nor his counsel objected to the sentence imposed or

requested further explanation for why the district court was imposing a four-month

consecutive sentence. Id. at 16. Martinez-Romero timely filed a notice of appeal.

4

## II

Martinez-Romero asserts one issue on appeal. He argues that the district court erred by not explaining its decision to impose a partially consecutive sentence for his supervised release violation. We conclude that, even assuming the district court's explanation was inadequate, Martinez-Romero does not establish that his substantial rights were affected. We therefore affirm Martinez-Romero's sentence.

### A. Standard of Review

Martinez-Romero concedes that he did not raise his procedural objection in the district court, so we review for plain error. See United States v. Romero, 491 F.3d 1173, 1176–78 (10th Cir. 2007) ("[B]ecause [the defendant] did not object on procedural grounds under § 3553(a) or (c) after the district court imposed his sentence, . . . our review is only for plain error."). Martinez-Romero may "obtain relief under the plain-error doctrine only if . . . : (1) the district court committed error; (2) the error was plain—that is, it was obvious under current well-settled law; (3) the error affected [his] substantial rights; and (4) 'the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012) (alterations omitted) (quoting United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005)). "Because all four requirements must be met, the failure of any one will foreclose relief and the others need not be addressed." Id.

## B. Substantial Rights

To show that an error affected his substantial rights, "a defendant generally must demonstrate that an error was 'prejudicial, meaning that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" United States v. Bustamonte-Conchas, 850 F.3d 1130, 1138 (10th Cir. 2017) (quoting United States v. Algarate-Valencia, 550 F.3d 1238, 1242 (10th Cir. 2008)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." United States v. Hasan, 526 F.3d 653, 665 (10th Cir. 2008) (quoting Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002)). "Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice" to show that his or her substantial rights were affected. United States v. Olano, 507 U.S. 725, 735 (1993); see also Bustamante-Conchas, 850 F.3d at 1138–40 (quoting Olano, 507 U.S. at 735, and discussing possible forms of per se prejudicial procedural errors such as denial of allocution right and incorrect calculation of the guideline range). To succeed on this prong, Martinez-Romero must establish that, but for the district court's failure to explain its reasons for imposing a partially consecutive sentence, he would have received a different sentence. He failed to make this showing.

Martinez-Romero argues that "there is reason to believe that the district court's [procedural error] prejudiced Mr. Martinez-Romero." Aplt. Br. at 7. In support, he notes that the district court stated that it selected "the 'lowest' possible sentence under [Martinez-Romero's] plea agreement," and "the 'lowest of the

6

applicable range' for the supervised release violation." Id. at 8 (quoting district court). Martinez-Romero argues that these statements indicate that the district court believed the lowest possible sentence was appropriate and, had it adequately articulated its reasoning for imposing a partially consecutive sentence, Martinez-Romero would have received a lower sentence. Id. The sentencing transcript as a whole, however, does not support Martinez-Romero's argument.

The sentencing record indicates that Martinez-Romero presented no § 3553(a)-based reasons for the district court to impose a fully concurrent sentence for his supervised release violation, and therefore the sentencing record does not support a finding of prejudice. At sentencing, Martinez-Romero's counsel requested that the sentences for his illegal reentry conviction and his supervised release violation run concurrently with each other, but counsel provided no reason—based on the § 3553(a) factors or otherwise—in support of that request.[3] See App., Vol. IV, at 6. Similarly, in allocution, Martinez-Romero requested a sentence of time served—although acknowledging that such a sentence was impermissible under the accepted plea agreement—because such a sentence would be "a very good gift that [the court] could give [Martinez-Romero] and [his] family." Id. at 10. Martinez-Romero therefore cannot point to any argument of his that the district court could have relied

---

[3] Martinez-Romero's counsel noted, "with regard to the charge of [illegal reentry]," that Martinez-Romero came back to the United States "because he is providing support for his family and parents back in the Republic of Mexico." App., Vol. IV, at 5. This statement, however, was in support of Martinez-Romero's requested sentence on the illegal reentry charge, not in support of his request that the sentences be run concurrently.

7

on in imposing a fully concurrent sentence. See United States v. Sanchez-Juarez, 446 F.3d 1109, 1117–18 (10th Cir. 2006) (vacating and remanding for resentencing because the defendant "identified one argument that is not clearly meritless and was raised at sentencing" for a below-Guidelines sentence that the district court did not directly address in sentencing).

Further, the Guidelines provide that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be served *consecutively to* any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f) (emphasis added). Although this provision is advisory, see Booker v. United States, 543 U.S. 220 (2005), it further undercuts a conclusion that Martinez-Romero was prejudiced. The district court clearly was aware that it had discretion to follow this provision because it imposed an only partially consecutive sentence for Martinez-Romero's supervised release violation. See United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201 (10th Cir. 2007) ("We traditionally presume, absent some indication in the record suggesting otherwise, that trial judges are presumed to know the law and apply it in making their decisions." (citations, alterations, and quotation marks omitted)).

Martinez-Romero provides no persuasive reason for us to conclude that, had the district court included a more detailed recitation of the § 3553(a) factors, it would have deviated from the Guidelines' preference even further. Even in his briefing before this court, Martinez-Romero points to no § 3553(a) factors that would warrant a different sentence. See United States v. Trujillo-Terrazas, 405 F.3d 814, 819–20

8

(10th Cir. 2005) (finding that the defendant's substantial rights were affected because application of the § 3553(a) factors to defendant's "case provides a strong indication that had the district court [not erred], his sentence would have been lower").

Martinez-Romero has not established that his substantial rights were affected by the error he claims, and he therefore cannot succeed on plain error review.

## III

Even assuming the district court plainly erred by giving an inadequate explanation for imposing a partially consecutive sentence, Martinez-Romero does not establish that the error affected his substantial rights. We therefore AFFIRM the judgment of the district court.[4]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[4] As we are affirming the district court's ruling, we need not also address the government's alternative argument that § 3553(c) does not apply to a district court's decision to impose a consecutive sentence.